a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RONAL MUINOS MENDOZA #A220-
449-101,
Petitioner

CIVIL DOCKET NO. 1:26-CV-01373 SEC P

VERSUS

JUDGE S. MAURICE HICKS, JR.

WARDEN,
Respondent

MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2241 (ECF No. 1) filed by pro se Petitioner Ronal Muinos-Mendoza ("Muinos-
Mendoza"), an immigration detainee at the Central Louisiana ICE Processing Center
in Jena, Louisiana.   Muinos-Mendoza challenges the legality of his continued
detention.

Because additional information is necessary to evaluate Muinos-Mendoza's
claim, he must AMEND the Petition.

I.    Background

Muinos-Mendoza alleges that he was ordered removed on October 6, 2025.
ECF No. 1 at 4.  He asserts that the length of his detention has become unlawful
under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

1

## II.    Law and Analysis

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement.  8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing.  A petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702.

Muinos-Mendoza does not provide information regarding his nationality and citizenship.  Nor does he allege any reason why his removal is unlikely to occur in the reasonably foreseeable future.   Accordingly, Muinos-Mendoza must amend the

Petition to provide the country to which he was ordered removed and any reasons why he believes his removal is not significantly likely to occur in the reasonably foreseeable future.  Muinos-Mendoza should also provide copies of his removal order, and any other documents to support his Petition.

III.    Conclusion

Because additional information is needed to evaluate the Petition, IT IS ORDERED that Muinos-Mendoza AMEND the Petition as instructed within 30 days.

SIGNED on Monday, May 11, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE